70 F.3d 1272
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Russell D. MARTIN, Plaintiff-Appellant,
v.
OAKLAND COUNTY; Jack Hayes, corporation counsel for the
County of Oakland, Defendants-Appellees.
 Nos. 94-1228, 95-1301.
 United States Court of Appeals, Sixth Circuit.
 Nov. 29, 1995.
 
 Before: WELLFORD, NELSON and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Russell Martin seeks payment of accumulated sick and annual leave from his former employer, the County of Oakland ("County"), and Jack Hayes, Corporation Counsel for the County. Plaintiff alleges a denial of his right to procedural due process under 42 U.S.C. Sec. 1983 (1988), and a breach of his employment contract under state law. The district court granted summary judgment in defendants' favor on both the federal and state law claims. Subsequently, the district court denied plaintiff's motion for relief from judgment. Plaintiff's appeals from each of these orders have been consolidated.
 
 
 2
 We AFFIRM the entry of summary judgment on plaintiff's Sec. 1983 claim, but REVERSE with respect to the state law claim. On REMAND, the district court will dismiss the contract claim without prejudice so that it may be brought in state court.
 
 BACKGROUND
 
 3
 Plaintiff began working for the County in April 1975. On July 16, 1983, plaintiff became deputy director of the Department of Management and Budget. On August 3, 1983, Carolyn White, a clerk responsible for maintaining employee records, sent plaintiff a memorandum (the "White Memorandum" or "Memorandum") indicating that deputy directors appointed under 1973 P.A. 139 ("Public Act 139"), Mich.Comp.Laws Ann. Sec. 45.551-573 (West 1991 & Supp.1995), do not accumulate sick or annual leave days, and that plaintiff could "cash out" those benefits he had accumulated in his former position. In a memorandum dated that same day, plaintiff indicated that he wanted to cash out his accrued benefits. Plaintiff was later appointed Director of Management and Budget.
 
 
 4
 Plaintiff's employment ended on December 31, 1992. On January 6, 1993, plaintiff wrote a letter requesting compensation for accumulated sick and annual leave. This request was denied by defendant Haynes on January 22, 1993. At all relevant times, the County's relationship with its employees has been governed by the Merit System Rules.
 
 
 5
 Plaintiff asserts a contractual interest in his accumulated sick and annual leave based upon the Merit System Rules, and alleges that he was denied his Fourteenth Amendment right to procedural due process when the County refused to compensate him without a hearing. Defendants argue that the Merit System Rules interpreted in light of Public Act 139 do not apply to plaintiff, and that he received sufficient process.
 
 ANALYSIS
 
 6
 Summary judgment is appropriate only if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). We review the entry of summary judgment de novo, assessing the evidence in the light most favorable to the nonmoving party or parties and drawing all reasonable inference in his/their favor. Pierce v. Commonwealth Life Ins. Co., 40 F.3d 796, 800 (6th Cir.1994).
 
 A. Adequacy of Procedural Due Process
 
 7
 Two essential elements of a procedural due process claim are (1) the existence of a constitutionally protected property or liberty interest, and (2) a deprivation of this interest without adequate process. See, e.g., Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538-41 (1985); Mertik v. Blalock, 983 F.2d 1353, 1364 (6th Cir.1993). Because the second issue is dispositive, we will assume that plaintiff's claimed contractual interest based on the Merit System Rules is a constitutionally protected property right.
 
 
 8
 We turn to the issue of whether plaintiff was afforded sufficient procedural protection. In Ramsey v. Board of Educ., 844 F.2d 1268, 1272-75 (6th Cir.1988), this court held that a teacher deprived of accrued sick days by a new school board policy was not entitled to a predeprivation hearing where she could bring suit in state court. The Ramsey court reasoned that pure employment benefits are discrete in nature and may be remedied in full by a postdeprivation contract action when improperly withheld. The court further noted that a predeprivation hearing would have served little purpose because the dispute turned on the proper construction of the terms of employment and not on any fact unique to the plaintiff. Relying on similar logic, the court in Brown v. Brienen, 722 F.2d 360 (7th Cir.1983), held that the opportunity to bring a state court action was sufficient process where the government employer simply breached its contractual obligation to provide its employees with time off. Id. at 366.
 
 
 9
 There is little to distinguish this case from either Ramsey or Brown.[1] The dispute here turns on the proper interpretation of the Merit System Rules; further, the only interest at stake is the right to be compensated for accrued sick and annual leave. Contrary to plaintiff's assertion, the holding in Ramsey is not limited to substantive due process claims. Accordingly, the entry of summary judgment on plaintiff's Sec. 1983 claim was proper.
 
 B. Breach of Contract
 
 10
 At the heart of this dispute is plaintiff's state law claim alleging that the County breached the terms of his employment contract. The district court held that the White Memorandum constituted a binding contract and that, pursuant to the Memorandum's terms, plaintiff was not entitled to receive compensation for accrued sick and annual leave.
 
 
 11
 As a matter of Michigan contract law, an agreement is enforceable only if the contracting parties mutually agreed to be bound thereby. Rood v. General Dynamics Corp., 507 N.W.2d 591, 598 (Mich.1993). The district court incorrectly assumed that the White Memorandum governed plaintiff's employment relationship with the County. The Memorandum itself does not purport to be an employment contract, nor does it purport to modify the Merit System Rules. Further, the district court erred in failing to consider whether the White Memorandum, if the parties in fact intended it to be a contract, was supported by sufficient consideration. Cf. Higgins v. Monroe Evening News, 272 N.W.2d 537, 543-44 (Mich.1978) (valid contract requires legal detriment). We hold that the district court erred in entering summary judgment on plaintiff's contract claim.
 
 
 12
 Ordinarily, a district court exercising supplemental jurisdiction will dismiss the pendent state law claims when it grants summary judgment on the federal claims prior to trial. Williams v. City of River Rouge, 909 F.2d 151, 154 (6th Cir.1990). Because the district court properly granted summary judgment on plaintiff's Sec. 1983 claim, and in light of the need to interpret state law (i.e., Public Act 139) to resolve plaintiff's contract claim, the district court is ordered on remand to dismiss plaintiff's contract claim without prejudice so that it may be brought in state court.
 
 CONCLUSION
 
 13
 The entry of summary judgment is AFFIRMED in part and REVERSED in part.
 
 
 
 [1]
 See also Blake v. Papadakos, 953 F.2d 68, 73 n. 5 (3d Cir.1992) ("certainly federal courts have no jurisdiction to review state officials' compliance with state law ") (emphasis added)